IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **WALID KHALDI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. _____ |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, Defendant Liberty Insurance Corporation ("Liberty" or "Defendant") files this Notice of Removal hereby removing this action from the 199th Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Walid Khaldi ("Plaintiff") and Liberty, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## I.
## INTRODUCTION

This dispute arises out of a claim for alleged storm-related damage to property located at 216 Watson Drive, Allen, Texas 75002 (the "Property"). Among other causes of action, Plaintiff alleges that Defendant breached a policy of insurance and violated certain provisions of the TEXAS INSURANCE CODE and DECEPTEIVE TRADE PRACTICES ACT ("DTPA") by, among other things, failing to pay Plaintiff's claim for storm-related damages.

On April 15, 2015, Plaintiff filed his First Amended Petition in the 199th Judicial District Court of Collin County, Texas against Defendant. Defendant was served with a copy of the First Amended Petition on May 18, 2015. Defendant timely filed an answer to Plaintiff's First Amended Petition on June 5, 2015. This Notice of Removal is being filed within thirty (30) days of service of the First Amended Petition on Defendant and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper in this case because there is complete diversity of citizenship between Plaintiff and Defendant, and it is apparent from Plaintiff's First Amended Petition that the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

**A. DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged in his First Amended Petition that he is a resident of the State of Texas. Liberty is a corporation organized under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts. Accordingly, Liberty is both an Illinois and Massachusetts citizen for diversity purposes.

**1. Standards for Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiff's First Amended Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013).

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Upon Plaintiff's own admission, he is a Texas citizen. Defendant is a citizen of an Illinois and/or Massachusetts. Accordingly, complete diversity of citizenship exists between the parties.

B.    AMOUNT IN CONTROVERSY

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000.00, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

1. **Plaintiff's First Amended Petition**

Here, it is apparent from the face of Plaintiff's Original Petition that his claims exceed $75,000. In paragraph 70 of the Petition, Plaintiff specifically pleads that he "seeks monetary relief over $100,000 but not more than $200,000." Plaintiff's First Amended Petition at ¶ 70. Furthermore, if a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985). Plaintiff also seeks attorney's fees under (1) section 38.001 of the TEXAS CIVIL PRACTICE & REMEDIES CODE (for his breach of contract action), section 17.50(d) of the TEXAS BUSINESS COMMERCIAL CODE and the TEXAS INSURANCE CODE. *See* Plaintiff's First Amended Petition at ¶ 72.

Removal of this action is therefore proper under 28 U.S.C. § 1441(a), since it is a civil action brought in state court, this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a), Plaintiff's citizenship is diverse from Defendant's citizenship, and the amount in controversy exceeds $75,000.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule CV-81, filed concurrently with this Notice of Removal is a completed civil cover sheet. Additionally, the following exhibits are attached:

- **EXHIBIT A:** Supplemental Civil Case Cover Sheet – listing all parties in this case and the current status of the state court proceeding; listing of attorneys in this case, including each such attorney's bar number, address, telephone number and party represented; and the name and address of the state court from which this case is being removed;

- **EXHIBIT B**: A certified copy of the Register of Actions in the state court action; and

**EXHIBITS C-1 – C-3**: A copy of each document filed in the state court action.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendant Liberty Insurance Corporation respectfully requests that the above-captioned action now pending in the 199th Judicial District Court of Collin County, Texas be removed to the United States District Court for the Eastern District of Texas, Sherman Division. Liberty further requests all such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
MICHAEL DIKSA
State Bar No. 24012531

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Email: mark.tillman@tb-llp.com
      mike.diksa@tb-llp.com

**ATTORNEYS FOR DEFENDANT**
**LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of ***Defendant's Notice of Removal*** has been forwarded to Plaintiff's counsel of record, as identified below, via electronic means and/or facsimile, on the 15th day of June, 2015, in accordance with the Federal Rules of Civil Procedure.

**ATTORNEYS FOR PLAINTIFF**
Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Clayton Hardin
State Bar No. 24090144
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
clayton@vosslawfirm.com

                              */s/ Mark D. Tillman*
                              MARK D. TILLMAN